UNITED STATES of America, Appellee,

v.

Willie JONES, Appellant.

No. 76–1641.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1976.

Decided Jan. 11, 1977.

Steven L. Festinger, Little Rock, Ark., for appellant.

Richard M. Pence, Jr., Asst. U. S. Atty., Little Rock, Ark., for appellee; W. H. Dillahunty, U. S. Atty., Little Rock, Ark., on brief.

Before HEANEY and ROSS, Circuit Judges, and VAN PELT, Senior District Judge.*

PER CURIAM.

Willie Jones was convicted of possessing a United States Treasury check which had been stolen from the mail, and of forging the payer's endorsement on that check. He contends on appeal that the trial court erred in refusing to grant his motion to suppress evidence seized from him in a warrantless search, in failing to suppress a confession secured from him and in refusing to require the government to disclose the identity of the informant it used to obtain his conviction. We affirm.

The trial court held that the police had probable cause to arrest Jones and that the search was authorized as one incident to a lawful arrest. The court found that the police received a telephone call from a companion of Jones who said that he was with Jones and that Jones had a certain check on his person at that time. The companion, who had given reliable information on prior occasions, described how he and Jones were dressed and told them where he and Jones could be found. The police went directly to the described location and identified Jones and his companion from the description given. They placed the two in custody, searched Jones and found on his person both the forged check and the other evidence which was the subject of the suppression motion. This evidence satisfied the requirements of *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. State of Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); and *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), that the informant's past reliability be shown and that the basis of the informant's present knowledge be demonstrated. *See United States v. Scott*, 545 F.2d 38 at 39–40 (8th Cir., 1976).

The trial court's holding that Jones' confession was given voluntarily is fully supported by the record. Jones was fully advised of his rights before he gave the oral confession and advised a second time before the confession was reduced to writing. While Jones was poorly educated, the trial court's finding that he fully understood his rights and that he knowingly and voluntarily waived them is supported by the record.

* ROBERT VAN PELT, Senior District Judge, District of Nebraska, sitting by designation.

There is no merit to Jones' final contention since the identity of the government's informant was disclosed to counsel prior to trial.

Affirmed.